# Exhibit "B"

4834-5188-6311.1

# Exhibit "B-1"

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back     Location : Fort Bend    Images Help

# REGISTER OF ACTIONS
## CASE NO. 21-DCV-282371

| | | | |
|---|---|---|---|
| Augusto D Gomez v. Tricam Industries, Inc. | § | Case Type: | **Injury or Damage - Other Injury or Damage** |
| | § | Date Filed: | **04/08/2021** |
| | § | Location: | **458th District Court** |
| | § | | |
| | § | | |

---

### PARTY INFORMATION

| | | | |
|---|---|---|---|
| **Defendant or Respondent** | **Tricam Industries, Inc.** | | **Attorneys** |
| | | | **Joelle Grace Nelson** |
| | Eden Prairie, MN 55344 | | *Retained* |
| | | | 713-659-6767(W) |
| | | | |
| **Plaintiff or Petitioner** | **Gomez, Augusto D** | | **Kevin Michael Acevedo** |
| | | | *Retained* |
| | Katy, TX 77494 | | 832-530-4070(W) |

---

### EVENTS & ORDERS OF THE COURT

| | OTHER EVENTS AND HEARINGS | | |
|---|---|---|---|
| 04/08/2021 | **Petition**      **Index # 1** | | |
| | *Plaintiff's Original Petition* | | |
| 04/08/2021 | **Request**      **Index # 2** | | |
| | *Request for Process* | | |
| 04/08/2021 | **Jury Fee Paid** | | |
| | *Jury Demand* | | |
| 04/09/2021 | **Issuance**      **Index # 3** | | |
| | *Citation Issued to Tricam Industries, Inc.* | | |
| 04/09/2021 | **Citation** | | |
| | *E-service* | | |
| | Tricam Industries, Inc. | Served | 04/19/2021 |
| | | Returned | 04/20/2021 |
| 04/20/2021 | **Officers Return**      **Index # 4** | | |
| | *Citation Return for Tricam Industries, Inc. Served 04-19-21* | | |
| 05/10/2021 | **Answer/Contest/Response/Waiver**      **Index # 5** | | |
| | *Defendant Tricam Industries, Inc.'s Original Answer to Plaintiff's Original Petition, Affirmative Defenses and Jury Demand* | | |
| 05/10/2021 | **Jury Fee Paid** | | |
| | *Jury Demand* | | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant or Respondent** Tricam Industries, Inc. | | | |
| | Total Financial Assessment | | | 40.00 |
| | Total Payments and Credits | | | 40.00 |
| | **Balance Due as of 05/10/2021** | | | **0.00** |
| | | | | |
| 05/10/2021 | Transaction Assessment | | | 40.00 |
| 05/10/2021 | E-filing | Receipt # 2021-10827-DCLK | Tricam Industries, Inc. | (40.00) |
| | | | | |
| | **Plaintiff or Petitioner** Gomez, Augusto D | | | |
| | Total Financial Assessment | | | 345.00 |
| | Total Payments and Credits | | | 345.00 |
| | **Balance Due as of 05/10/2021** | | | **0.00** |
| | | | | |
| 04/09/2021 | Transaction Assessment | | | 345.00 |
| 04/09/2021 | E-filing | Receipt # 2021-07952-DCLK | Gomez, Augusto D | (345.00) |

# Exhibit "B-2"

SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK

**THE STATE OF TEXAS
NONRESIDENT
CITATION**

TO:   **TRICAM INDUSTRIES, INC.
7677 EQUITABLE DRIVE
EDEN PRAIRIE MN  55344**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION** filed on **April 08, 2021,** a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

The case is presently pending before the **458TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **21-DCV-282371**  and is styled:

**AUGUSTO D GOMEZ V. TRICAM INDUSTRIES, INC.**

The name and address of the attorney for **PLAINTIFF(S)** is:

**KEVIN MICHAEL ACEVEDO
THE GONZALEZ LAW GROUP PLLC
7151 OFFICE CITY DRIVE STE 200
HOUSTON TX  77087**
832-530-4070

The nature of the demands of said **PLAINTIFF(S)** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 9th day of April, 2021.**

**DISTRICT CLERK BEVERLEY MCGREW WALKER
FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _Ashley Alaniz_
**Deputy District Clerk ASHLEY ALANIZ**
Telephone: (281) 633-7616

4-19-21
R/oyess

SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK

THE STATE OF TEXAS
NONRESIDENT
CITATION

TO:   **TRICAM INDUSTRIES, INC.**
      **7677 EQUITABLE DRIVE**
      **EDEN PRAIRIE MN  55344**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION** filed on **April 08, 2021,** a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

The case is presently pending before the **458TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **21-DCV-282371**  and is styled:

**AUGUSTO D GOMEZ V. TRICAM INDUSTRIES, INC.**

The name and address of the attorney for **PLAINTIFF(S)** is:

**KEVIN MICHAEL ACEVEDO**
**THE GONZALEZ LAW GROUP PLLC**
**7151 OFFICE CITY DRIVE STE 200**
**HOUSTON TX  77087**
**832-530-4070**

The nature of the demands of said **PLAINTIFF(S)** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 9th day of April, 2021.**

**DISTRICT CLERK BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _Ashley Alaniz_ _____
     **Deputy District Clerk** ASHLEY ALANIZ
     **Telephone:** (281) 633-7616

**SERVICE**

Filed
4/8/2021 5:46 PM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Ashley Alaniz

CAUSE NO. ___21-DCV-282371___

| | | |
|---|---|---|
| **AUGUSTO D. GOMEZ,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff* | § | Fort Bend County - 458th Judicial District Cour |
| | § | |
| **v.** | § | ____ **JUDICIAL COURT** |
| | § | |
| **TRICAM INDUSTRIES, INC.,** | § | |
| *Defendant.* | § | **FORT BEND COUNTY, TEXAS** |
| | § | |

---

### PLAINTIFF'S ORIGINAL PETITION

---

COMES NOW, Augusto D. Gomez ("Plaintiff"), and files this, its Petition against Tricam Industries, Inc. ("Defendant"), and for causes of action shows:

### I. DISCOVERY CONTROL PLAN

1.      Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiffs request that the Court enter a Level 3 Discovery Control Plan.

### II. RELIEF

2.      Plaintiff seeks monetary relief of $1,000,000 or more, including damages of any and all kinds, penalties, costs, expenses, pre-judgment interest, and attorney fees Rule 47(c)(1) of the Texas Rules of Civil Procedure.

### III. PARTIES

3.      Plaintiff is a resident of Fort Bend County, Texas, whose home address is: 24811 Jade Bloom Ct, Katy, Texas. This is where the principal events took place.

4.      Defendant, Tricam Industries, Inc. ("Tricam"), is a Minnesota Corporation who manufactures, imports, and ultimately sells a wide variety of one, two, and three step stools in

several designs and finishes with unique and differentiated features, and does so placing the products in different markets using large retailers throughout the United States, including the Home Depot. Tricam can be served at its principal place of business, 7677 Equitable Drive, Eden Prairie, Minnesota 55344.

## IV. VENUE AND JURISDICTION

5.      The subject matter in controversy is within the jurisdictional limits of this court.

6.      This court has jurisdiction over the parties because all parties are either domiciled in Texas or satisfy the minimum contacts test.

7.      Venue is proper in Fort Bend County, Texas, pursuant to section 15.0002(a)(1) of the Texas Civil Practice and Remedies Code because all of the events or omissions giving rise to the claim occurred in Fort Bend County, Texas.

## V. FACTS

8.      On or about June 15, 2020, Plaintiff was using a step-stool manufactured by Defendant and fell, causing a serious injury to his right arm which required surgery.

9.      The step-stool that Plaintiff was using when he fell was known as a "Easy Reach" Gorilla Ladders 3-Step Lightweight Steel Step Stool Ladder (PRO SERIES) with a duty rating of 225 pounds, Model "HBPRO-13" (date of manufacture, November 2013). From hereon we shall refer to this as "The Step Stool" for purposes of brevity and simplicity.

10.     The Step Stool has is clearly marked as having been manufactured in China, and has a universal product code, or UPC Barcode, as follows: 7 22571 00909 0.

11.     The Step Stook was purchased by Plaintiff at a Home Depot store near his home, in Texas, approximately in 2015. He has used it on occasion since then, and has stored it in a dry and save location inside his home garage.

12.     On June 15, 2020, while Plaintiff was using it, the Step Stool left leg became fractured and broke, which caused the bottom part of the leg to bend inward, throwing the Plaintiff off balance and to the ground. The location of the Step Stool fracture was in the bottom rivet. Below is an image of the broken Step Stool.



The left bottom leg bent inward, when it cracked

13.     Below is a close-up picture, and at another angle, showing the rupture on the Step Stool's side rail rivet, bottom left leg, as follows:



14.     The side rail rivet area became fractured during use and cracked. The crack appeared where the rivet perforates the tube-shaped stool leg to connect and support the first platform step.

15.     The side rail rivet area was not cracked prior to being used on that day and Plaintiff had used the Step Stool numerous times before it broke and bent on June 15, 2020, without any issues.

16.     Prior to the fall, the Plaintiff placed the Step Stool on a firm level surface and he had a secure footing, in the back yard of his home. He then faced the Step Stool when climbing it and kept his body centered between the side rails. A split-second after Plaintiff placed his foot and weight on the first platform step, and attempted to climb up, the Step Stool cracked and the leg bent inward. Plaintiff was unable to avoid the fall or the resulting injuries.

17.     Based on information and belief, the Step Stool is made of aluminum, and Plaintiff has never misused or altered the product, in anyway and has only used it for its intended purpose and design. Plaintiff has faithfully followed the instructions when using the Step Stool.

18.     The injuries sustained by Plaintiff are serious. His right arm was seriously harmed and, given Plaintiff's age, the arm may never function at the capacity and with the strength that it had prior to the fall.

19.     Plaintiff's right arm was not hurt or injured prior to his fall on June 15, 2020, but rather he was a healthy man with a healthy right arm.

20.     Plaintiff has had to endure painful surgeries to medically repair his right arm, and as the picture below shows his arm will be permanently disfigured and affected by this injury.



21.     It was foreseeable that, a defective Step Stool, could easily cause injury and harm to consumers that purchased and used the same.

22.     The broken Step Stool manufactured by Defendant is the sole cause of Plaintiff's injuries, which include his right arm.

## VI. CAUSES OF ACTION

### A. STRICT LIABILITY- DESIGN DEFECT

23.     Plaintiff adopts and re-alleges each paragraph set forth above.

24.     At all times material to this action, Defendant was in the business of designing, testing, engineering, manufacturing, marketing, distributing, selling and supplying ladders for use in Texas and throughout the United States.

25.     The subject ladder or Step Stool was defectively designed because it was unable to withstand ordinary and foreseeable loads exerted during use by someone within the ladder's recommended weight limit. The Step Stool and its components were unreasonably dangerous and defective because they were prone to catastrophically fail during ordinary use.

26.     There were alternative designs available that were both technologically and economically feasible and which would have greatly reduced the likelihood of the subject occurrence and Plaintiff's resulting injury.

27.     The design defects existing in the subject ladder were a producing cause of Plaintiff's injuries and Plaintiff's damages alleged herein.

## B. STRICT LIABILITY- MANUFACTURING DEFECT

28.     Plaintiff adopts and re-alleges each paragraph set forth above.

29.     At all times material to this action, Defendant was in the business of designing, testing, engineering, manufacturing, marketing, distributing, selling and supplying ladders and step stools for use in Texas and throughout the United States.

30.     The Step Stool was defectively manufactured because it deviated from its intended design or output. Specifically, the subject ladder and its components were not able to withstand ordinary use by someone who was within the recommended weight limit of the subject ladder. The manufacturing defects existing in the subject ladder rendered it unreasonably dangerous and defective.

31.     There were alternative designs available for the Step Stool that were both technologically and economically feasible and which would have greatly reduced the likelihood of the subject occurrence and Plaintiff's resulting injury.

32.     The manufacturing defects existing in the Step Stool were the producing cause of Plaintiff's serious injuries and Plaintiff's damages alleged herein.

## C. NEGLIGENCE

33.     Plaintiff adopts and re-alleges each paragraph set forth above as if fully set forth herein.

34.     Defendant owed a duty to Plaintiff to exercise reasonable care in the design, manufacture, assembly, testing, distribution, and marketing of the Step Stool.

35.     Defendant breached its duty by failing to act as an ordinary and prudent manufacturer of ladders to exercise sufficient quality control, and ensure an adequate design of the Step Stool so that it could perform its ordinary and intended functions.

36.     The foregoing negligent acts and omissions were a proximate cause of Plaintiff's injuries and Plaintiff's damages.

**VII. DAMAGES**

37.     Plaintiff adopts and re-alleges each paragraph set forth above as if fully set forth herein.

38.     As a result of Defendants' acts and omissions, Plaintiff suffered the severe and permanent injuries and other damages, including, but not limited to:

   a.   Medical expenses in the past and future;

   b.   Physical pain and mental anguish in the past and future;

   c.   Physical impairment in the past and future;

   d.   Disfigurement in the past and future;

   e.   Loss of income and earning potential in the past and future.

39.     Plaintiff also seeks exemplary damages against Defendant associated with the gross negligence claims set forth herein.

**VIII.   CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST**

40.     Plaintiff herein claims interest at the maximum legal rate.

**IX. JURY DEMAND AND PRAYER**

41.     Plaintiff requests that a jury be convened to try the factual issues of this case.

42.     Plaintiff prays that judgment be entered in his favor and against Defendant, for all damages, as requested herein, the costs of bringing this action, for prejudgment and post-judgment interest

at the maximum legal rate, and for such other relief, at law or in equity, to which he may be justly entitled.

## X. CONDITIONS PRECEDENT

43.     All necessary notices and conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## XI. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that he be allowed to recover a Judgment of and from Defendant in a sum in excess of the minimum jurisdictional limits of this Court, in addition to costs of Court, pre-judgment and post-judgment interest as may be authorized by law, and that Plaintiff have such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

THE GONZALEZ LAW GROUP, PLLC

By: _____

Kevin Acevedo
Texas Bar No. 24086848
Email: kevin@gonzalezlawgroup.net
R. Matthew Quiroz
Texas Bar No. 24099919
Email: matthew@gonzalezlawgroup.net

7151 Office City Dr., Ste. 200
Houston, TX 77087
Tel. (832)530-4070
Fax. (832)530-4090

ATTORNEYS FOR PLAINTIFF

# Exhibit "B-3"

Filed
4/20/2021 10:08 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Ashley Alaniz

21-DCV-282371                           458th Judicial District Court
Augusto D Gomez v. Tricam Industries, Inc.

## OFFICER'S OR AUTHORIZED PERSON"S RETURN

Came to hand on the <u>13th</u> day of <u>April</u>, <u>2021</u>, at <u>10:40</u> o'clock <u>AM</u>. Executed

at <u>7677 Equitable Drive, Eden Prairie, Minnesota 55344</u>, within the County of <u>Hennepin</u>

at <u>2:35</u> o'clock <u>PM</u> on the <u>19th</u> day of <u>April</u> 20<u>21</u> by delivering to the within named <u>Tricam Industries, Inc.</u>

<u>c/o person authorized to accept service Kathy Foley</u>, in person, a true copy of this citation together with the

accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on

such copy of citation the date of delivery.

Total fee for serving <u>1</u> citation at $65.00 each $<u>65.00</u>

<u>Brian David Holmes</u>
Name of officer or Authorized Person

<u>Carver</u> County, Minnesota

By: _____
        Signature of Deputy or Authorized Person

*State day and hour and place of serving each person

---

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT**

In accordance with Rule 107:   The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature
is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be
signed under penalty of perjury and contain the following statement.

"My name is <u>Brian David Holmes</u>
                     (First, Middle, Last)

my date of birth i█████████, and my address is <u>344 Brickyard Drive, Chaska, Minnesota 55318</u>
                                                                        (Street, City, Zip)

I DECLARE UNDER PENALTY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in <u>Carver</u> County, State of <u>Minnesota</u> on the <u>20th</u>

day of <u>April</u>.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

## SERVICE

Citation issued to Tricam Industries, Inc. on 4/9/2021.

# Exhibit "B-4"

Filed
5/10/2021 11:59 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Norma Sosa

## CAUSE NO. 21-DCV-282371

| | | |
|---|---|---|
| **AUGUSTO D. GOMEZ** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **FORT BEND COUNTY, TEXAS** |
| | § | |
| **TRICAM INDUSTRIES, INC.** | § | |
| *Defendant* | § | **458th JUDICIAL DISTRICT** |

## DEFENDANT TRICAM INDUSTRIES, INC.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION, AFFIRMATIVE DEFENSES AND JURY DEMAND

COME NOW, Defendant, TRICAM INDUSTRIES, INC. ("Tricam" or "Defendant") and files this Original Answer, Affirmative Defenses, and Jury Demand, in the above-styled and numbered cause, and in support thereof would show the court as follows:

### I.     GENERAL DENIAL

1.     Pursuant to Texas Rule of Civil Procedure 92, Defendant asserts a general denial, and hereby denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition, and requests that Plaintiff be required to prove his charges and allegations against Defendant by a preponderance of the evidence as is required by the Constitution and law of the State of Texas.

### II.     OTHER DEFENSES AND ASSERTIONS

2.     Pleading in the alternative, Defendant further affirmatively alleges that the acts or omissions of Plaintiff or other third parties were the sole proximate cause or a new and independent cause of the incident and injuries complained of in the lawsuit.

3.     Pleading in the alternative, Defendant alleges that Plaintiff has failed to mitigate his damages and that said failure to mitigate has proximately caused or contributed to the matters complained of and the damages alleged in the Petition.

Therefore, the amount of damages to which Plaintiff is entitled, if any, should be reduced by the amount of damages which would have otherwise been mitigated.

4.      Pleading in the alternative, Defendant alleges that Plaintiff has failed to take reasonable steps to avoid the damages, if any, alleged in his current Petition, and each and every alleged cause of action contained therein.  To the extent that such damages, if any, were incurred, Plaintiff's recovery, if any, should be reduced accordingly.

5.      Defendant further invokes the provisions of Section 33.001 of the Texas Civil Practice & Remedies Code.  If supporting evidence is discovered, and the trier of fact finds that the negligence of Plaintiff is fifty-one percent (51%) or greater, then no damages may be recovered from Defendant.

6.      Pleading in the alternative, Defendant affirmatively alleges that it is entitled to contribution and/or indemnity from Plaintiff, any other named defendant, any designated responsible third party, and/or any other third-party hereinafter named in this lawsuit as provided under the common law of the State of Texas and/or pursuant to Chapter 32 and/or Chapter 33 of the Texas Civil Practice and Remedies Code.

7.      Pursuant to Section 41.0105 of the Texas Civil Practice & Remedies Code, recovery of medical expenses is limited to the amount actually paid or incurred by or on behalf of the claimant. Plaintiff should not be allowed to submit any medical bills in excess of the "actually paid or incurred" amounts.

8.      Pursuant to Section 18.091(a) of the Texas Civil Practice and Remedies Code, Plaintiff must present evidence to prove he has suffered lost earnings, loss of earning capacity, or loss of contributions of a pecuniary value in the form of a net loss after the reduction for income tax payments or unpaid tax liability pursuant to an federal income tax law.  Defendant hereby moves the Court to instruct the jury as to whether any

recovery for compensatory damages is subject to federal or state income taxes in accordance with Section 18.091(b) of the Texas Civil Practice and Remedies Code.

9.      Pleading further and in the alternative, Defendant would show that it is entitled to a credit or offset for all monies or consideration paid to Plaintiff, by virtue of any type or form of settlement agreement entered into between Plaintiff and any other party or entity including, but not limited to, parties and entities not a party to this litigation.

10.     Defendant further asserts that the calculation of post-judgment interest is governed by Section 304.003(c) of the Texas Finance Code.

11.     Further, Defendant asserts that pre-judgment interest is disallowed on future damages, pursuant to Section 304.1045 of the Texas Finance Code.

12.     Pleading further and in the alternative, Defendant presently has insufficient knowledge or information upon which to form a belief as to whether they may have additional, yet unknown, Affirmative Defenses. Accordingly, Defendant reserves the right herein to assert additional Affirmative Defenses in the event discovery indicates same would be appropriate.

13.     By way of further Answer, Defendant hereby gives notice to all parties that any and all documents produced during discovery may be used against the producing party at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the documents.  This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

14.     By way of further Answer, for any claims for punitive damages and/or prejudgment interest, Defendant invokes the limitations on punitive damages and prejudgment interest contained in Sections 41.007 and 41.008 of the Texas Civil Practice

and Remedies Code.  Pursuant to Section 41.008 such limitations may not be made known to the jury.

## DEMAND FOR JURY TRIAL

Defendant respectfully demands a jury trial of all issues in this cause pursuant to Tex. R. Civ. P. 216.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, Tricam Industries, Inc. prays that Plaintiff take nothing by this suit; and that Defendant be awarded its costs and attorneys' fees, and have such other and further relief, general and specific, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

_/ s / Joelle G. Nelson_
**JOELLE G. NELSON**
Texas Bar No.: 24032501
**AMANDINE E. SMITH**
State Bar No.: 24088428
**YOLANDA ORDONEZ**
State Bar No.: 24105907
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Phone: (713) 659-6767
Fax: (713) 759-6830
Joelle.Nelson@lewisbrisbois.com
Amandine.Smith@lewisbrisbois.com
Yolanda.Ordonez@lewisbrisbois.com
**ATTORNEYS FOR DEFENDANT,
TRICAM INDUSTRIES, INC.**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing document has been served

on all counsel of record pursuant to the Texas Rules of Civil Procedure on this the 10th day

of May, 2021:

***<u>Counsel for Plaintiff</u>:***
Kevin Acevedo
R. Matthew Quiroz
**THE GONZALEZ LAW GROUP, PLLC**
7151 Office City Dr., Suite 200
Houston, Texas 77087
Phone: 832.530.4070
Fax: 832.560.4090
Email: kevin@gonzalezlawgroup.net
Email: matthew@gonzalezlawgroup.net


                           */ s / Joelle G. Nelson*
                           JOELLE G. NELSON